UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISSAC L. McDONALD,

        Plaintiff,

                **Hon. Hugh B. Scott**

    v.

                12CV926A

                **Report
&
Recommendation**

K. SMITH, et al.,

        Defendants.

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 18). The instant matter before the Court is defendants' motion dismissing the Complaint (Docket No. 17[1]). Initially, responses to this motion were due by October 8, 2013, with any reply due by October 18, 2013 (Docket No. 19), but these deadlines were extended, nunc pro tunc, to have responses due November 8, 2013, and reply by November 18, 2013 (Docket No. 22). The motion was deemed submitted (without oral argument) on November 18, 2013 (id.).

---

[1] In support of defendants' motion, they submit their attorney's Declaration, Memorandum of Law, Docket No. 17, and Reply Memorandum, Docket No. 24. In response, plaintiff moved for extension of time to respond, Docket No. 20, which was granted nunc pro tunc, Docket No. 22, and his Affidavit, Docket No. 21.

**BACKGROUND**

This is a pro se action commenced by an inmate against certain Niagara County, New York, officials alleging violations of plaintiff's civil rights (Docket No. 4, Am. Compl.; see Docket No. 1, Compl.), as he termed them "equal protection," "cruel and unusual punishment," and "failure to protect" (Docket No. 4, Am. Compl.) without citing specific constitutional provisions. After filing the original Complaint, plaintiff moved for leave to proceed as a poor person (Docket No. 2), which was granted provided plaintiff amended the Complaint to allege adequately his compensatory damage claims (Docket No. 3, Order of Dec. 19, 2012, at 1, 3, 4). Plaintiff was ordered to allege facts to allow this Court to evaluate his lost or damaged property claims (id. at 4). Plaintiff then filed a timely Amended Complaint (Docket No. 4), which this Court accepted for filing and service (Docket No. 5, Order of May 8, 2013, at 1). Defendants answered (Docket Nos. 12 (unsigned), 15).

These claims arise from plaintiff's altercation with defendant Corrections Officer S. Martin on the second or third week of July 2012 while plaintiff was housed at the Niagara County Jail (Docket No. 4, Am. Compl. at page 11 of 17). In his amended pleading, plaintiff contends that Officer Martin announced that plaintiff was a rapist and a pedophile and should be assaulted by other inmates. Officer Martin made this statement before about eight or nine other inmates while inmates were being moved to morning recreation. Plaintiff then claims that other inmates began to threaten him. (id., First Claim, at page 11 of 17.) He alleges cruel and unusual punishment, failure to protect, and violation of his right to equal protection of the laws (id.).

Plaintiff then filed a series of written complaints and grievances with Captain Payne, defendant Corrections Officer J. Gibb, and others, and many of these complaints or grievances

were not responded to or were lost (id. at page 11-12 of 17; see also Docket No. 1, Compl., Exs. (copies of grievances)). Plaintiff sought to be moved through his complaint to Gibb (Docket No. 4, Am. Compl., page 12 of 17). By August 2012, plaintiff was moved but he contends that defendant Correction Officer J. Payne (brother of Captain Payne) began to threaten plaintiff because he filed grievances (id. at pages 12 and 8 of 17).

In the Second Claim, plaintiff alleges that defendant Chief K. Smith failed to respond to plaintiff's request for immediate action against Martin, in violation of the Equal Protection Clause and failure to protect plaintiff (id., Second Claim). In the Third Claim, plaintiff asserts that defendant Captain K. Payne also failed to respond to written complaints about Martin, also in violation of his rights to equal protection of the laws and for protection (id., Third Claim). In this claim (as he asserts in subsequent claims), plaintiff seeks the Court to monitor plaintiff's safety by appointment of a liaison and ordering his relocation to another facility while this action is pending (id.). In the Fourth Claim, plaintiff alleges that Corrections Officer J. Payne threatened to beat plaintiff until he "was unrecognizable, if I did not quit harassing his officers and brother, whom is the Captain," K. Payne (id., Fourth Claim, at pages 8, 12 of 17). Here, plaintiff also alleges violation of his equal protection rights and the failure to protect him (id., Fourth Claim). In this claim, as in the Third Claim plaintiff also seeks the Court to monitor plaintiff's safety by appointment of a liaison and relocation of plaintiff to another facility while this action is pending (id.). The Fifth Claim alleges that, in August 2012, Officer Gibb failed to remove plaintiff from a housing unit where plaintiff was having problems because of the July 2012 incident with Martin, in violation of plaintiff's right to equal protection and protection from harm (id., Fifth Claim, pages 11-12 of 17). In this claim, plaintiff also seeks the Court to monitor plaintiff's

safety by appointment of a liaison and relocation of plaintiff to another facility while this action is pending (id., Fifth Claim).

Plaintiff alleges in the Sixth Claim that, on September 25, 2012, defendant Sergeant Greenwald came into plaintiff's housing unit and argued with plaintiff and threatened him for submitting two grievances. Plaintiff argues this violates the Equal Protection Clause and the duty to protect him. (Id., Sixth Claim.) He also seeks safety monitoring for this claim (id.). In the Seventh Claim, plaintiff alleges that, on September 27, 2012, Sergeant Greenwald authorized the confiscation of 61 postage stamps from plaintiff's cell, saying that he was entitled only to have 25 stamps in his cell. Plaintiff argues that this seizure was in retaliation for the grievances he filed. (Id., Seventh Claim, at page 12 of 17.) He alleges this claim under 42 U.S.C. § 1983 retaliation, presumably under the First Amendment. He again seeks a safety monitor appointed and that he be relocated during the life of this action (id., Seventh Claim).

Plaintiff seeks compensation for his lost property as well as the appointment of a safety monitor and his relocation from the Niagara County Jail, and creation of a more structured policy for dealing with inmate confidential materials, and proposed that for defendants eliminate the illegal practices cited in this action (id. at pages 14, 13 of 17).

*Defendants' Motion*

Defendants in construing the pro se plaintiff's Complaint argue that dismissal is warranted because plaintiff does not enjoy a constitutional right to be free from verbal harassment under the First, Eighth, or Fourteenth Amendments; the Constitution does not secure to plaintiff the privilege of having his grievances and complaints investigated; the refusal to investigate does not give rise to a cognizable claim under § 1983; plaintiff does not enjoy in jail

4

the constitutional protection against disclosure of the charges against him; plaintiff failed to plead an objectively serious deprivation of a right or plead serious harm from which he deserved protection (Docket No. 17, Defs. Memo. at 2, 10). Defendants argue that plaintiff did not state a First Amendment claim since he complains about the grievance process. With the grievance process being the creation of state law and not required by the Constitution, allegations that prison officials violated these procedures does not give rise to a First Amendment claim, Smolen v. Kielisek, No. 04CV6042, 2006 WL 2335168, at *3 (W.D.N.Y. Aug. 10, 2006) (Siragusa, J.). (Docket No. 17, Defs. Memo. at 4 & n.13.)

As for the First Claim against Martin that she threatened him by announcing his charged offense and her disgust with it, defendants argue that plaintiff fails to allege a threat of serious injury for the objective prong for liability under the Eighth Amendment (id. at 10), see Dawes v. Walker, 239 F.3d 489, 494 (2d Cir. 2001).

Defendants contend that plaintiff has not alleged a constitutional deprivation in his Second, Third or Fifth Claims against Chief Smith, Captain Payne, or C.O. Gibb (id. at 5). They argue that none of these defendants participated directly in a constitutional violation (id. at 5-6). They also assert that there is no constitutional claim available solely based on these defendants' failure to investigate plaintiff's complaints (id. at 6, 7, 8). As for Smith, they argue that since plaintiff did not have a constitutional right not to be free from harassment, plaintiff could not prove that Smith (as a reasonable officer) knew a constitutional violation was occurring which he should have intervened to prevent (id. at 6-7, 6 n.), see Henry v. Dinelle, No. 9:10CV0456, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011). Smith also was not alleged to be present when Martin made her statements, thus the only intervention could come from plaintiff's

5

subsequent grievances (id. at 7). Similarly, in the Third Claim, Payne allegedly failed to intervene after plaintiff filed grievances; defendants argue that this also fails to state a claim (id. at 7-8).

Defendants argue that plaintiff merely claims that he entitled to be free from harassment, which is not a cognizable constitutional claim (id. at 8-9). Defendants point out that plaintiff did not state any inmate threats made against him that Gibb failed to protect him against (id. at 9). They also argue that, absent a constitutional violation, the failure to protect and cruel and unusual punishment claims against other defendants (Greenwald) should be rejected (id. at 12-13). As for the retaliation claim against Greenwald, defendants urge that this Court approach these claims with skepticism (id. at 13 & n.35, citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). Since the state's grievance process is not constitutionally mandated, allegations of its violation by jail officials does not give rise to a civil rights claim (id. at 14). Defendants contend that the alleged threat by Greenwald is similar to other threats held by this and other courts not to be actionable (id., citing, e.g., Kemp v. LeClaire, No. 03CV884, 2007 WL 776416, at *1, 7 (W.D.N.Y. Mar. 12, 2007) (Skretny, J.); Alicea v. Howell, 387 F. Supp. 2d 227, 237 (W.D.N.Y. 2005) (Larimer, J.)). As for the Seventh Claim, defendants argue that plaintiff made a conclusory allegation that, stripped to its core, is a state conversion action not rising to a constitutional claim (id. at 15).

Plaintiff responds that defendant Martin subjectively intended to cause plaintiff harm in July 2012 and he properly alleged his claims under Federal Rule of Civil Procedure 8(a)(1)-(3) and that his claims should be construed, pursuant to Rule 8(e), to do substantial justice (Docket No. 21, Pl. Decl. ¶¶ 11, 12, 13, 14; id., Pl. Memo. at 5).

In reply, defendants note that plaintiff did not substantively address their motion and they reiterate the deficiencies in the Amended Complaint (Docket No. 24, Defs. Reply Memo. at 1, 2-5).

**DISCUSSION**

I. Applicable Standards

    A.    Motion to Dismiss and Pro Se Plaintiff

Defendants have moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

The pleading of a pro se plaintiff, however, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555], 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [555], 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice")."

551 U.S. at 94; see Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214.

One additional issue is whether the pleading standard recognized in this Circuit for personal involvement under § 1983 survives Iqbal. The Second Circuit has not expressly addressed this circumstance, see Grullon v. City of New Haven, 720 F.3d 133, 138-39 (2d Cir. 2013); Reynolds v. Barrett, 685 F.3d 193, 206 (2d Cir. 2012); see also Diaz v. Burns, No. 10CV6585, 2013 U.S. Dist. LEXIS 159150, at *12 n.1 (W.D.N.Y. Nov. 6, 2013) (noting split among district courts in this Circuit). Before Iqbal, personal involvement under § 1983 could be met in this Circuit in five circumstances, Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), that is

> "[t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in

9

supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring,"

id. This pleading standard issue need not be resolved in this case.

B.  Substantive Claims Standards

1.  42 U.S.C. § 1983 and Applicable Constitutional Rights

A civil rights claim under 42 U.S.C. § 1983 must be based upon the violation of a constitutional right. From the Amended Complaint (see generally Docket No. 4), plaintiff appears to raise constitutional violations under the Equal Protection Clause of the Fourteenth Amendment and the cruel and unusual punishment and failure to protect aspects of the Due Process Clause of that amendment, since the Eighth Amendment (cited by defendants, see, e.g., Docket No. 17, Defs. Memo. at 4; cf. Docket No. 21, Pl. Response at 1) applies only after a litigant has been convicted, City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983); but cf. LaGrange v. Ryan, 142 F. Supp. 2d 287, 293 (N.D.N.Y. 2001) (not discussing City of Revere). Since plaintiff was not convicted of an offense when these incidents occurred, he was not being punished and thus his claims are not governed by the Eighth Amendment's ban against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). The Fourteenth Amendment provides the appropriate constitutional provision for inmate treatment while in jails, see Dilworth v. Goldberg, No. 10 Civ. 2224, 2011 U.S. Dist. LEXIS 82392, at *60 (S.D.N.Y. July 28, 2011) (pretrial detainee's claims of unconstitutional conditions of confinement implicate Fourteenth Amendment liberty interests). The standards for cruel and unusual punishment are similar for the Eighth and Fourteenth Amendment, see id.; Bourdon v. Roney, No. 99CV769, 2003 U.S. Dist.

LEXIS 3234, at *28-29, *31 (N.D.N.Y. Mar. 6, 2003) (Sharpe, Mag. J.) (recommending granting defendants summary judgment dismissing plaintiff's condition of confinement claim), what varies is the context in which the claims arise. Thus, this Court may cite to Eighth Amendment authorities for an otherwise Fourteenth Amendment right.

      2.      Failure to Protect

As for plaintiff's failure to protect claims, "'[i]t is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.' Anderson v. Branen, 17 F. 3d 552, 557 (2d Cir. 1994) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). An officer who does not personally inflict the injury at the core of an excessive use of force claim may still be liable under § 1983 where the officer fails to intervene to prevent the harm, in spite of a 'realistic opportunity' to do so, O'Neill, 839 F.2d at 11-12, and 'observes or has reason to know . . . that excessive force is being used.' Anderson, 17 F.3d at 557. 'Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.' Id.," Allen v. City of N.Y., 480 F. Supp. 2d 689, 694 (S.D.N.Y. 2007).

      3.      Equal Protection

Plaintiff's equal protection claims do not involve any allegation of a suspect classification being used by defendants, hence review is under a rational basis standard.

4. First Amendment

Defendants point out plaintiff also makes claims under the First Amendment for his right to make meaningful complaints and grievances and to not be subject to retaliation for exercise of his rights to grieve and complain (Docket No. 17, Defs. Memo. at 4). To establish a First Amendment retaliation claim, plaintiff needs to demonstrate "(1) that his speech or conduct was constitutionally protected, (2) that the defendant took adverse actions against him, and (3) that there was a causal connection between the protected speech and the adverse action," Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004) (quoting Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swiekiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

II. Application

A. Martin's Harassment

Central to his claims are plaintiff's claims that defendant Martin allegedly made statements about plaintiff's charges and her disgust with them, and disclosed them in the relatively public setting of the cell block. Plaintiff's charges are a matter of public record, absent any allegation of their being under seal. Plaintiff has not shown that he has a constitutional right against such disclosure, even if it is found to be harassment, Greene v. Mazzuca, 485 F. Supp. 2d 447, 451 (S.D.N.Y. 2007); Kornegay v. State, 677 F. Supp. 2d 653, 660-61 (W.D.N.Y. 2010) (Larimer, J.). Harassment rising to the level of cruel and unusual punishment needs to be "objectively and sufficiently serious, denying" plaintiff "the minimal civilized measure of life's necessities," Mazzuca, supra, 485 F. Supp. 2d at 451 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Under the rigorous objective standard, "conditions cannot be said to be cruel and unusual under contemporary standards of human decency are not unconstitutional," id. (citing

Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  Plaintiff also needs to show that Martin in committing the harassment exhibited deliberate indifference to plaintiff's significant needs of health or safety, id. (citing Farmer, supra, 511 U.S. at 834) and some injury or damage resulting from the alleged harassment, id. (citations omitted).  Verbal threats alone do not violate the Fourteenth Amendment "unless accompanied by physical force or the present ability to effectuate the threat," Jermosen v. Coughlin, 878 F. Supp. 444, 449 (N.D.N.Y. 1995); Harris v. Lord, 957 F. Supp. 471, 475 (S.D.N.Y. 1997).

Here, plaintiff alleges merely verbal harassment by Martin and subsequent threats by other inmates.  The so-called harassment, announcing to the cell block plaintiff's charges, does not rise to the constitutional level of being objectively serious in order to constitute cruel and unusual punishment.  Furthermore, plaintiff has not alleged any damage or injury as a result of Martin's statement or other detainees' threats; the only compensatory damages plaintiff seeks is for lost, damaged, or stolen property.  He does not specify what was threatened and, if the threats were solely related to physical harm to him, he does not seek damages to recover for that.

Thus, this Claim should be **dismissed** and defendants' motion (Docket No. 17) for that relief **granted**.

B.   Equal Protection

Plaintiff alleges several equal protection violations in failing to respond to his complaints against Martin and in removing him from one housing unit to another.  Plaintiff does not allege disparate treatment.  These claims fail and defendant's motion to dismiss them should be **granted**.

C. Failure to Protect

Plaintiff alleges throughout this Amended Complaint that individual defendants failed to protect him based upon grievances filed with them following Martin's comments. But absent actual physical harm to plaintiff, the threats allegedly made by Martin or the other inmates does not provide a basis for requiring protection. Mere threats do not trigger the requirement that prison officials act to protect the threatened detainee. Therefore, plaintiffs' claims for failure of defendants to protect him also should be **dismissed**.

D. Retaliation

1. Corrections Officer Payne

As for the Fourth Claim, defendants argue that plaintiff's simple allegation that Corrections Officer Payne threatened to beat him if he did not quit harassing other officers (including his brother, Captain Payne), without physical harm, fails to allege a claim because plaintiff does not have a constitutional right to be free of verbal threats (Docket No. 17, Defs. Memo. at 12).

"Retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments." Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Felder v. Diebel, No. 10CV343, 2012 WL 6690239, at *6 (W.D.N.Y. Dec. 21, 2012) (Curtin, J.). Plaintiff alleging this must show that the speech was protected, that the defendant took adverse action against plaintiff, and that there is a causal connection between the protected speech and the adverse action, Felder, supra, 2012 WL 6690239, at *6 (quoting Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003), quoting in turn Dawes, supra, 239 F.3d at 492)) (emphasis added). But retaliation claims by detainees and

14

inmates are to be treated with skepticism and care because they are easily contrived, Dawes, supra, 239 F.3d at 491. This Court in Felder held that verbal harassment–believed by that inmate to be in retaliation for a grievance he filed against another corrections officer, Felder, supra, 2012 WL 6690239, at *2, 1–is an insufficient ground upon which to base a § 1983 claim, id. at *6.

Here, plaintiff only alleges Officer Payne's threat of a beating if plaintiff persists in grievances he filed with or against other officers, with no allegation of actual physical harm coming to him.

### 2. Sergeant Greenwald

While plaintiff casts his Sixth Claim as violations of his rights to equal protection and the defendants' duty to protect him, his claim truly is a retaliation claim under the First Amendment. He alleges that defendant Sergeant Greenwald threatened him for filing other grievances and complaints. As with Officer Payne, plaintiff only alleges the threat of removal and no actual physical harm or actual relocation when he persisted with his grievances.

### 3. Stolen Postage

In his Seventh Claim, plaintiff alleges that Sergeant Greenwald authorized the seizure of extra postage stamps from plaintiff's cell in retaliation for grievances plaintiff filed (Docket No. 4, Am. Compl). Defendants argue that the allegation of retaliation is conclusory and, when stripped from this claim, leaves a state law conversion claim over which this Court should not exercise supplemental jurisdiction (Docket No. 17, Defs. Memo. at 15; Docket No. 24, Defs. Reply Memo. at 5 & n.7). This differs from the threats in the other claims in that an action (removal of plaintiff's excess postage) was alleged, hence the second element of an adverse

action. What is not clearly alleged here is the third element, the causal connection between plaintiff's constitutionally-protected grievances and the adverse action of taking the postage (or ordering the removal of the postage). Plaintiff does not allege which grievance (or grievances) caused Greenwald to order the removal of postage. Nor does plaintiff allege that he needed that postage to mail his grievances and complaints. No connection is made between the grievances and the removed postage save plaintiff's conclusory allegation that Greenwald acted in retaliation of plaintiff filing grievances. The grievances he alleges in the Amended Complaint started in July 2012, while the Seventh Claim arose in September 26, 2012, two months later. Absent a clearer connection between his grievances and the deprivation of postage, plaintiff's claim here against Greenwald should be **dismissed**.

4. In Sum

Although plaintiff alleges protected constitutional speech in petitioning the government through the jail grievance system, the verbal threats alleged fail to state claims for retaliation. Plaintiff's claims alleging these grounds should be **dismissed** and defendants' motion for dismissal should be **granted**. Plaintiff, however, should be granted leave to amend the Seventh Claim to assert (if possible) the causal connection between his grievances and defendant Greenwald's order to seize plaintiff's postage.

E. Injunctive Relief Sought

Plaintiff in some of these claims seeks to have this Court monitor his safety (or to appoint a monitor) or order that he be relocated during the pendency of this action. Such relief might be available if plaintiff alleges a constitutional violation or continuing harm. As stated above, plaintiff has not made such allegations and injunctive relief sought should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion dismissing the Complaint (Docket No. 17) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                   /s/ Hugh B. Scott
                                                   Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       December 17, 2013